18216—In the Matter of Reba Fenwick, Habeas Corpus; error to Darke Appeals. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

18254—The Board of Education of the City School District, City of Cleveland, v. Oscar Juergens. Error to the Court of Appeals of Cuyahoga County. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

18260—The Board of Education of the City School District of the City of Cleveland v. W. J. Featherstone. Error to the Court of Appeals of Cuyahoga County. Judgment affirmed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

18452—The State ex rel Stanton, Prosecuting Attorney, v. Albert L. Callow et al. In Quo Warranto. Petition dismissed. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

18553—The State ex rel Albert R. Zimmerman v. Willis Vickery, Manuel Levine and J. J. Sullivan, Judges of the Court of Appeals of Cuyahoga County. In Mandamus. Alternative writ denied. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

---

## MOTION DOCKET

18418—Meyer Jonasson & Co. v. Charles Feldman. Motion for an order directing Lucas Appeals to certify record. Dismissed by parties.

18424—Ben F. Wyatt et al v. C. F. York et al. Motion for an order directing Darke Appeals to certify record.

18425—Patrick Drake et al v. The Columbus, Delaware & Marion Electric Co. Motion for an order directing Marion Appeals to certify record. Overruled.

18426—William H. Slusser v. The Pennsylvania R .R. Co. Motion for an order directing Stark Appeals to certify record. Overruled.

18455—The State of Ohio v. Chris Hooley. Motion for leave to file petition in error to Logan Appeals. Overruled.

# Syllabi of Cases Decided Last Week

No. 329

No. 18216—In the Matter of Reba Fenwick. Error to the Court of Appeals of Darke county.

333. CRIMINAL LAW AND PRACTICE—Illegal sentence duly supplanted by a legal one—Sheriff's custodial care of defendant in interim, no ground for setting legal sentence aside—Convicted female offender for misdemenor—Not deprived of any constitutional right, when.

DAY, J.

1. Where a court has passed an illegal sentence upon an accused, and, before the same has been journalized, at the same term and on the same day, brings the defendant into court, disregards said illegal sentence, and imposes a legal one, the fact that the defendant has been in the custodial care of the sheriff without commitment papers, in the interim between the first and the second sentence, is no ground for setting aside the legal sentence.

2. A female offender sentenced to the Ohio Reformatory for Women upon conviction for a misdemeanor is not deprived of any constitutional right, provided such imprisonment is not for a longer period than any other offender of either sex might have been imprisoned in any of the penal institutions of the state under like circumstances.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur. Wanamaker, J., not participating.

---

No. 330

No. 18452—The State ex rel Stanton, Prosecuting Attorney, v. Albert R. Callow et al. In Quo Warranto.

865. OFFICE AND OFFICERS—Members of County Building Commission not public officers, and court without jurisdiction to oust them.

MARSHALL, C. J.

Persons appointed as members of a county building commission under authority of Section 2333, General Code, are not public officers within the purview of Section 12303, General Code, and this court therefore has no jurisdiction to inquire into the title of such office.

Petition dismissed.

Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.